## BENSINGER v. REID

1. PARTIES—ADDITION OF PARTIES—PLEADING—AMENDMENT—STATUTE OF LIMITATIONS.

   Pleadings may be amended to add a party defendant after the statute of limitations has run, if the party added knows of the litigation and is not prejudiced by the amendment.

2. PARTIES — ADDITION OF PARTIES — PLEADINGS — AMENDMENT — FRAUDULENT CONCEALMENT.

   Lack of proof of fraudulent concealment in pleadings does not prevent the addition of parties defendant in the furtherance of justice after the statute of limitations has run.

---

REFERENCES FOR POINTS IN HEADNOTES

[1–4] 41 Am Jur, Pleadings § 301.
[5] 3 Am Jur 2d, Agency §§ 328, 338.

3. PLEADING—AMENDMENTS—MISNOMER—STATUTE OF LIMITATIONS.
  Courts may amend pleadings based on a misnomer where no
    one has been misled by the misnomer even after the statute
    of limitations has run.

4. PARTIES—MISNOMER—PLEADINGS—AMENDMENT—DUE DILIGENCE.
  Pleadings may be amended to correct a misnomer resulting from
    lack of due diligence if the misnomer has not misled anyone
    and is not prejudicial.

5. PARTIES—PROPER PARTIES—PRINCIPAL AND AGENT.
  Agent's motion for dismissal as a defendant because his
    principal owned the truck which was in an accident should
    have been granted after the principal was added as a party
    defendant; an agent may not be required to defend an action
    properly against his principal.

Appeal from Grand Traverse, Charles L. Brown, J. Submitted Division 3 March 10, 1969, at Grand Rapids. (Docket No. 5,137.) Decided April 23, 1969.

Complaint by Jane W. Bensinger, administratrix of the estate of Herbert W. Bensinger, deceased, against Robert L. Reid, Ivan Everett Hone, Jr., and Happyland Shows, Inc., a Michigan corporation, for damages resulting when plaintiff's decedent was killed in a collision with defendant's truck. Accelerated judgment for defendant Happyland Shows. Plaintiff appeals. Reversed. Cross-motion by defendant Reid for dismissal as a defendant denied. Defendant appeals. Reversed.

*Murchie, Calcutt & Brown,* for plaintiff.

*Cholette, Perkins & Buchanan* (*Edward D. Wells,* of counsel), for defendant Reid.

*Menmuir & Zimmerman,* for defendant Happyland Shows.

BEFORE: McGREGOR, P. J., and R. B. BURNS and
DANHOF, JJ.

McGREGOR, P. J.  This appeal is from circuit court
rulings in an action against defendants Reid and
Hone, claiming damages resulting from a fatal acci-
dent in which plaintiff's decedent, a passenger in a
motorcycle sidecar, was killed when the motorcycle
struck the rear of a truck owned by defendant
Happyland Shows, Inc., a Michigan corporation.
The complaint alleged that Hone was the driver and
Reid was the owner of the truck.  Reid's answer
admitted ownership.  However, after the statute of
limitations had run, both parties discovered that the
truck was in fact owned by Happyland.  Reid was
the resident agent, a stockholder, an incorporator,
and the president of Happyland.  After the discov-
ery, plaintiff moved successfully to add Happyland
as a party defendant.  The court directed service
of process on Happyland, which subsequently moved
for an accelerated judgment ordering its discharge
as a party defendant.  The court granted the mo-
tion, reasoning that the statute of limitations had
run, and plaintiff herein appeals.

During this time, Reid had moved for dismissal
as a defendant on the ground that since he was not
the truck owner, there was no basis for the action
against him.  The court denied his motion on an
equitable estoppel theory, stating that Reid's earlier
admission of ownership of the truck estopped him
from then denying ownership.  Reid herein appeals
that ruling.

The first issue is whether the court erred by grant-
ing Happyland's motion for accelerated judgment,
thereby discharging it as a party defendant.

The circuit court found that although there had
been a mutual mistake of fact, the mistake had not

tolled the statute of limitations. It stated that counsel for both parties had relied on a police **report** naming Reid as the truck owner, and neither side had checked the Secretary of State records to verify Reid's ownership. Thus, since there was no fraudulent concealment or unethical conduct by any of the defendants, there was no reason to burden Happyland with the original parties' mistake.

Plaintiff argues that the court should not have discharged Happyland as a defendant. Plaintiff notes that after Reid accepted the complaint, he forwarded it to Happyland's insurance company, who then selected counsel for Reid. The letter naming counsel listed him as "Reid, d/b/a Happyland Shows, Inc." Therefore, plaintiff argues the true defendant, Happyland, knew of the litigation and was not prejudiced by the error naming Reid as defendant. Furthermore, plaintiff continues, the complaint was served on Reid, who could have been served for Happyland as their agent, and Reid and Happyland, in effect, shared counsel. Thus, plaintiff contends this matter is controlled by the decision in *Wells* v. *The Detroit News, Inc.* (1960), 360 Mich 634, wherein the court allowed an amendment of pleadings to change the name of a corporate defendant after the statute of limitations had run, primarily because the true defendant had notice of the litigation and was not prejudiced by the amendment.

Plaintiff further asserts that Happyland should not be allowed to benefit from defendant's innocent misrepresentation, specifically the admission of ownership by Reid in his answer to the complaint. Plaintiff contends that the answer caused her to rely on Reid's supposed ownership of the truck, and thus, an amendment adding Happyland was not proposed within the period of limitations, since the parties did not discover the true ownership until later. *Irwin*

v. *Carlton* (1963), 369 Mich 92, is cited for the principle that a party cannot obtain the beneficial results of his own misrepresentation, however innocent. Apparently, plaintiff theorizes that Reid's answer, filed as an agent of Happyland, constitutes an innocent misrepresentation of his principal.

Happyland's response is simply that since plaintiff did not prove fraudulent concealment of its ownership, plaintiff's erroneous failure to check public records for the truck's ownership did not toll the statute of limitations. Therefore, as Happyland was added as a defendant more than three years after the cause of action accrued, plaintiff's claim against Happyland is barred by the statute of limitations. MCLA § 600.5805 (Stat Ann 1962 Rev § 27A.5805).

Under the *Wells* decision, *supra,* plaintiff's lack of proof of fraudulent concealment does not operate to nullify the court's addition of Happyland in the furtherance of justice. *Wells* held that, although the statute of limitations was designed to eliminate stale claims, the court has jurisdiction to amend pleadings based upon a misnomer where no one has been misled in any way by the misnomer. After reviewing the policy of statutory limitations of actions, the court concluded the plaintiff could amend the pleadings to include the second corporation which owned the original corporate defendant. Although the corporations were separate entities, the court permitted the amendment because: service was made on an individual who was the proper representative of both corporations; the two corporations had similar officers and law firms; and the officers of the original defendant were clearly informed of the facts which indicated to them the particular corporate entity which plaintiff desired and intended to sue. The court approved the following language:

"If service of summons and complaint results in an intended defendant being fully informed as to the circumstances of the action, the court has acquired sufficient jurisdiction over that defendant, even though an amendment is necessary to correct a misnomer." *Nelson* v. *Glenwood Hills Hospitals, Inc.* (1953) 240 Minn 505 (62 NW2d 73).

"While due diligence is required in pleadings of the plaintiff in the description of the parties, and pleadings still serve a necessary purpose, nevertheless where no one has been misled in any manner by a misnomer, the amendment should be permitted." *Fildew* v. *Stockard* (1932), 256 Mich 494.

The court concluded by stating:

"On our instant facts we believe that the right party was served by the wrong name, that no one was misled thereby to his detriment and that the Michigan statute of amendments contains authorization for a correction of the misnomer by amendment. *Wells, supra,* 641.

See MCLA § 600.2301 (Stat Ann 1962 Rev § 27A.838).

In the present case, defendant Reid was the president and resident agent of the corporation, as well as one of the incorporators and stockholders. Although he admitted ownership in his answer, the corporation had notice of the facts from Reid's knowledge. Furthermore, the corporation's insurance carrier, which apparently was Reid's insurer, was consulted, and it selected counsel.

The fact that plaintiff did not inquire into the true ownership by requesting such information from the Secretary of State, after referring to the accident report in the defendant's answer, does not distinguish this case from *Wells,* as the above-quoted language manifests an intent to conclude the same where there was an absence of due diligence. The

right party was served by the wrong name or in the wrong capacity; the intended defendant, the true owner, was fully informed; and no one was misled by the misnomer to any detriment since the insurance carrier of Happyland defended the matter. Accordingly, the addition of Happyland was proper, supported by binding authority, and did not prejudice defendants. The lower court should not have granted the motion for accelerated judgment, even though the statute of limitations had run.

The second issue, whether the court properly denied Reid's motion for dismissal as a defendant, is largely contingent on our ruling on the first issue. Since we have decided that Happyland as owner of the truck is the proper defendant and should not have been discharged, defendant Reid should not be required to defend an action properly against his principal. Thus, notwithstanding the merits of plaintiff's argument that Reid is equitably estopped from denying ownership and consequently should not be dismissed, Reid, as Happyland's agent, is an improper defendant. Plaintiff cannot sue both Happyland and Reid, and since we have reinstated Happyland, plaintiff will not suffer prejudice by Reid's removal. Therefore, justice does not require Reid's presence in this action.

The dismissal of Happyland by accelerated judgment is reversed and we hereby direct the lower court to dismiss Reid as a defendant. Costs to the prevailing parties.

All concurred.