WENDEL *v.* SWANBERG

1. JUDGMENT—DEFAULT JUDGMENT—RELIEF FROM DEFAULT JUDGMENT—COURT RULE.

   A party may be relieved from any final judgment, including a default judgment, because of mistake, newly-discovered evidence, fraud, or any other reason justifying relief from the operation of the judgment provided that motion for such relief is made within a reasonable time (GCR 1963, 528.3).

2. JUDGMENT—DEFAULT JUDGMENT—RELIEF FROM JUDGMENT—COURT RULE—TRIAL COURT—DISCRETION.

   Relief from a final judgment pursuant to court rule is discretionary with the trial court (GCR 1963, 528.3).

3. JUDGMENT — DEFAULT JUDGMENT — RELIEF FROM JUDGMENT — TIMELINESS OF MOTION.

   A motion made by defendant for relief from a default judgment made within three months after defendant first discovered that the matter was not being handled by her insurance company as she had thought and that she might become financially involved was made within a reasonable time (GCR 1963, 528.3).

Appeal from Manistee, Charles A. Wickens, J. Submitted Division 3 March 4, 1969, at Grand Rapids. (Docket Nos. 5,263 and 6,156.) Decided April 23, 1969. Leave to appeal granted December 24, 1969. See 383 Mich 755.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 30A Am Jur, Judgments §§ 636, 648, 650, 656–665.
[2] 30A Am Jur, Judgments § 632.
[3] 30A Am Jur, Judgments §§ 648, 650, 655.

Complaint by Richard O. Wendel and Elizabeth M. Wendel against Helen Swanberg for damages resulting from a fall by Mrs. Wendel while a guest at Mrs. Swanberg's house. Default judgment entered for plaintiffs. Writ of garnishment sought by plaintiffs against Travelers Indemnity Co., insurer of defendant. Plaintiffs' motion for summary judgment of garnishment granted. Principal defendant's motion to vacate default judgment denied. Garnishee defendant's motion to vacate garnishment judgment and for new trial denied. Principal defendant and garnishee defendant appeal, the appeals being consolidated. Reversed and remanded.

*Donald G. Jennings,* for plaintiffs.

*John E. Hart,* for defendant Helen Swanberg.

*David L. Bailey,* for garnishee defendant Travelers Indemnity Co.

*Amicus Curiae:* Boyer Insurance Agency (by *Charles H. Menmuir*).

BEFORE: QUINN, P. J., and HOLBROOK and T. M. BURNS, JJ.

QUINN, P. J. May 8, 1967, plaintiffs recovered $25,000 from defendant by default judgment. Her motion to set aside the default judgment was denied February 26, 1968 and defendant appealed March 13, 1968. March 21, 1968, plaintiffs recovered a judgment for $25,000 against garnishee defendant, the insurer of defendant's premises. Garnishee defendant moved to vacate the judgment against it and for a new trial. From denial of this motion, gar-

nishee defendant appeals, and the appeals were consolidated in this Court.

Elizabeth M. Wendel and defendant had known each other for over 20 years and were close friends. February 15, 1966, Elizabeth visited defendant's home. About 7:30 p.m., Elizabeth departed and she fell before she reached her automobile. A fractured hip resulted from the fall and Elizabeth was hospitalized. Some time after the fall, defendant telephoned her insurance agent to inquire whether her insurance covered anyone who fell on her premises, and she was advised that it did. When Elizabeth was released from the hospital, she convalesced about 2 months at defendant's home.

During the latter period, defendant reported the fall of Elizabeth to her insurance agent, and an investigator interviewed defendant and Elizabeth at defendant's home. Garnishee defendant denied liability except for medical expense of $500, which was offered to and declined by plaintiffs. Defendant indicated to Elizabeth that defendant's insurance coverage was larger, and Elizabeth stated she was going to sue the insurance company. Plaintiffs' attorney requested to see defendant's insurance policy and he was permitted to do so. The policy had a $25,000 limit of personal liability for bodily injury.

About Christmastime of 1966, Elizabeth suffered another fall in her home. This time she broke the same leg but not at the hip. She was again hospitalized and she again spent some of her convalescence in defendant's home.

Plaintiffs filed this action against defendant February 3, 1967 for damages in the amount of $25,000. Defendant was personally served February 7, 1967 and her default for failure to plead or otherwise defend was entered April 20, 1967. The

default judgment of May 8, 1967 awarded Elizabeth M. Wendel $15,000 damages and Richard O. Wendel $10,000.

After defendant received the summons and complaint, she did not consult an attorney. She stated she assumed her insurance company would look after it. Defendant mailed the summons and complaint to her insurance agency some time before June, 1967, according to her, but the papers were not received by the agency until November, 1967, according to the agent. The suit papers did not reach the garnishee defendant until December 1, 1967. Defendant's first knowledge of the judgment against her arose when her bank account was garnished late in November 1967. February 16, 1968, defendant filed her motion to vacate the default judgment. February 19, 1968, plaintiffs filed a motion for summary judgment against the garnishee defendant. Both motions were heard February 26, 1968.

Pursuant to GCR 1963, 528.3, defendant sought relief from the default judgment by her motion of February 16, 1968. The rule provides that relief may be granted for any of 5 specific reasons and for (6) "any other reason justifying relief from the operation of the judgment". Motion for relief shall be made within a reasonable time. The grant or denial of relief is discretionary.

Two questions are presented under the rule, namely: Was relief sought within a reasonable time and was denial of relief an abuse of discretion?

The record before us is strongly suggestive of the fact that defendant was desirous of assisting her friend, the injured Elizabeth M. Wendel, and that this desire continued to the point at which defendant realized she might become financially involved in that assistance. Within 3 months thereafter, defendant sought relief. We recognize the factual

distinction between this case and *Lafferty* v. *District of Columbia* (1960), 107 App DC 318 (277 F2d 348), but some of the language in that decision aptly states our reason for holding that defendant here acted within a reasonable time. The Federal court stated at page 351,

"No one has been adversely affected by the delay except appellant himself. Nothing to impair the ascertainment of any material fact can be attributed to this passage of time. We think it is far more reasonable in the circumstances of this case to correct this matter now than to hold that the delay in initiating proceedings to do so bars relief to appellant."

In its opinion filed March 29, 1968, the trial court stated:

"If the garnishee defendant or the principal defendant, either one, would have asked to set aside the default judgment prior to September 8th, it would have been automatically set aside by this court. * * * The court denied the principal defendant's motion to set aside the default, because of the delay of over 1 year after personal service was made and over 9 months after the date of the entry of the judgment."

These statements indicate 2 things. The trial court was satisfied defendant had shown good cause for setting aside the default judgment but she had waited too long in requesting relief. We agree that defendant had and has shown good cause for setting aside the default judgment. We have held she sought this relief within a reasonable time, and it was an abuse of discretion by the trial court not to grant relief.

We note the factual distinction between this case and *McDonough* v. *General Motors Corporation*

(1967), 6 Mich App 239, but we believe the language in that opinion aptly expresses the view of this Court on application of the rule involved. We there said, p 246:

"The thrust of GCR 1963, 528.3(6), is clearly to free courts from the fetters of a set of specifically delineated bases for relieving from default whenever manifest injustice or an unconscionable result flows from the default."

The trial court is reversed and the default judgment against defendant is set aside. This necessitates vacating the judgment against the garnishee defendant.

Reversed and remanded for trial. No costs are awarded.

All concurred.