ARNOLD v SCHECTER

1. Pleading—Amendments—Court Rules—Statutes.

Court rules and statutes in Michigan contemplate a liberal proce-
dure for the amendment of pleadings for the furtherance of
justice (MCLA 600.2301; GCR 1963, 118.1).

2. Pleading—Amendments—Corporate Defendants—Corporate
Officers.

A plaintiff may amend her pleadings to name a corporation as
defendant where the original pleadings named the corporate
officers individually as defendants, service of process was made
upon the individual officers at the corporation's legal address,
both the individuals and the corporation are in the same
business and represented by the same law firm, the officers of
the corporation were clearly informed of the fact that the
plaintiff wished to sue the landlord of the premises in which
she lived, which was in fact the corporation, and no one was
misled to his detriment.

3. Parties—Corporations—Proper Parties—Corporate Defend-
ants—Corporate Officers.

Individual officers of a corporation were properly dismissed as
defendants in an action against the owner of a dwelling where
the owner was the corporation.

Appeal from Wayne, Harry J. Dingeman, Jr., J.
Submitted Division 1 January 13, 1975, at Detroit.
(Docket No. 20552.) Decided February 13, 1975.

Complaint by Mary Arnold against Myron
Schecter and Allan H. Schecter individually and

---

. References for Points in Headnotes
[1] 61 Am Jur 2d, Pleading § 305.
[2, 3] 19 Am Jur 2d, Corporations § 1477.
  59 Am Jur 2d, Parties § 285.
  Amendment of process or pleading by changing or correcting mis-
    take in name of party. 124 ALR 86.
[3] 19 Am Jur 2d, Corporations § 1336.

doing business as Micor Company, Inc., for damages caused by a falling ceiling in rented premises. Summary judgment for defendants. Plaintiff appeals. Affirmed in part, reversed in part, and remanded.

*George C. Parzen* (Edward Grebs, of counsel), for plaintiff.

*Lawrence S. Cohen,* for defendants.

Before: R. B. BURNS, P. J., and BRONSON and M. F. CAVANAGH, JJ.

M. F. CAVANAGH, J. Plaintiff Mary Arnold appeals from the trial court's denial of her motion to amend the name of the defendant and the granting of defendants' motion for summary judgment.

On October 2, 1973, six days prior to the expiration of the statute of limitations, plaintiff commenced this action alleging defendants' negligence in failing to repair a dangerous and unsafe ceiling in premises owned by the defendants and occupied by the plaintiff. Plaintiff alleged that she received personal injuries on October 8, 1970, when the ceiling collapsed.

The suit named as defendants Myron Schecter and Allan H. Schecter, individually and doing business as Micor Company, Inc, jointly and severally. On October 18, 1973, the defendants, including Micor Company, Inc, filed a general appearance through their attorney. The defendants' answer denied that they were doing business as Micor Company, Inc.

On November 23, 1973, the defendants filed a motion for summary judgment alleging that plaintiff's complaint failed to state a claim upon which relief could be granted. Defendants stated further that neither Myron Schecter nor Allan H. Schec-

ter were owners of the property and that Micor Company, Inc, was the owner as a land contract purchaser. Attached was a copy of the land contract showing Micor Company, Inc, as the purchaser. The contract was signed by Myron Schecter as president of the corporation. Plaintiff filed an affidavit in opposition and a motion to amend the defendant's name to Micor Company, Inc.

The trial court held a hearing on the two motions. On February 8, 1974, the trial court issued an order for summary judgment in favor of the defendant and denied the plaintiff's motion to amend the name of the defendant. The trial court on March 22, 1974, denied plaintiff's motion for a rehearing.

At issue in this appeal is whether the trial court erred in refusing to allow the plaintiff to correct her complaint by naming Micor Company, Inc, as defendant rather than its corporate officers. In so holding, the trial court relied upon *Price v Delano,* 187 Mich 49; 153 NW 7 (1915), and *Apple v Solomon,* 12 Mich App 393; 163 NW2d 20 (1968).

We find, however, that the procedural and factual circumstances in the present case are more logically covered by the opinion in *Wells v The Detroit News, Inc,* 360 Mich 634; 104 NW2d 767 (1960). In that case the Michigan Supreme Court reversed a trial court's determination that the plaintiff could not amend his declaration. The plaintiff had named as defendant The Detroit News, Inc. In fact, the suit should have been brought against The Detroit News which was owned by The Evening News Association, a different Michigan corporation than The Detroit News, Inc. The person who received the service of process, however, was the business manager for both entities.

Although it recognized that the party named in the complaint was separate and distinct from the one which the plaintiffs sought to add by amendment, the Court took special note of three points:

"(1) That service was had upon a person who actually was a proper representative of both corporations, at the legal address of both corporations;

"(2) That both corporations are in the same general business, have most of the same officers, and are represented by the same law firm; and

"(3) That the officers of The Evening News Association, Inc, were clearly informed of facts which indicated to them the particular corporate entity which plaintiff desired and intended to sue." 360 Mich 634, 639.

All three of these factors are satisfied in the present case. Service of process was made upon proper representatives of the corporation under GCR 1963, 105.4(1)(2). Myron Schecter, president of Micor Company, Inc, was served personally. Allan H. Schecter, director of the corporation, was served by serving Mrs. Allan H. Schecter, the person in charge of the office. Both were served at the corporation's legal address. Second, both the individuals and the corporation are in the same business and were represented by the same law firm. Finally, it is clear that the officers of Micor Company, Inc, were informed of the fact that the plaintiff wished to sue the landlord of the premises. No one was misled to his detriment.

The court rules and statutes in this jurisdiction contemplate a liberal amendment procedure for the "furtherance of justice". See GCR 1963, 118.1 and MCLA 600.2301; MSA 27A.2301. In this "misnomer" case justice is furthered by allowing the plaintiff a hearing on the merits.

Even closer to the present situation than *Wells*

*is Bensinger v Reid,* 17 Mich App 219; 169 NW2d 361 (1969), in which the plaintiff sued a person who he thought owned a truck involved in an accident. After the statute of limitations had run, the plaintiff discovered that the defendant was, in fact the president of the corporation which owned the truck. Relying on *Wells,* the court reversed the trial court's grant of the motion for accelerated judgment since the proper party was served, the true owner was fully informed, and no one was detrimentally misled by the misnomer. These conditions are equally present in the instant case.

Since we have decided that Micor Company, Inc, as owner of the premises, is the proper defendant, Myron and Allan H. Schecter as individuals were properly discharged as defendants in this action. These individuals are not equitably estopped from denying ownership. *Bensinger v Reid, supra,* 17 Mich App 225; 169 NW2d 364.

The grant of summary judgment as to Myron Schecter and Allan H. Schecter individually is affirmed. The grant of summary judgment as to Micor Company, Inc, and the denial of plaintiff's motion to amend the name of the defendant is reversed and the cause remanded. Costs to plaintiff.