HARKEY v ABATE

Docket No. 66169. Submitted March 8, 1983, at Detroit.—Decided December 19, 1983. Leave to appeal applied for.

Judith Ann Harkey, individually and as next friend of Jeanne R. Harkey, her daughter, brought in Macomb Circuit Court an action for invasion of privacy. Plaintiff alleged that she and her daughter used a public restroom at The Rink, a roller-skating rink in Utica, Michigan, that see-through panels had been installed in the ceiling of the restroom which permitted surreptitious observation of the interior of the restroom including the separately partitioned stalls, and that Michael Abate, the defendant named in the complaint, has personally viewed plaintiff and her daughter while they used the restroom. Defendant moved for summary judgment on the basis that there existed no genuine issue of fact. The motion was accompanied by an affidavit of defendant that he did not personally view plaintiff and her daughter as alleged in the complaint. At the hearing on the motion for summary judgment, plaintiff conceded that there appeared to be no proof available which would establish that defendant actually viewed plaintiff and her daughter in the restroom, but plaintiff argued that such proof was unnecessary to establish a prima facie case of invasion of privacy. James C. Daner, J., granted the motion for summary judgment. Plaintiff appeals, asserting as error the granting of summary judgment in favor of defendant and the trial court's refusal to permit plaintiff to amend her complaint to add as a party defendant the corporate owner of the roller-skating rink, The Rink, Inc., a corporation for which the individual defendant is the resident agent, manager, and sole corporate officer. *Held:*

   1. The installation of the hidden viewing devices in the public

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 62 Am Jur 2d, Privacy § 1.

[3] 62 Am Jur 2d, Privacy §§ 1, 42.

[4] 59 Am Jur 2d, Parties § 188.

   61A Am Jur 2d, Pleading § 307 *et seq.*

   Necessity of leave of court to add or drop parties by amended pleading filed before responsive pleading is served under Rule 15(a) and 21 of Federal Rules of Civil Procedure. 31 ALR Fed 752.

[5] 62 Am Jur 2d, Privacy §§ 41, 42.

restroom constitutes an interference with the privacy of those persons using the restroom in a manner which a reasonable person would find extremely offensive and constitutes an invasion of the privacy of those persons who use the restroom. An action for invasion of privacy arises under such circumstances even in the absence of proof that the particular plaintiff was actually observed. The trial court, accordingly, erred in granting summary judgment in favor of the defendant.

2. The trial court abused its discretion in refusing to permit the amendment of the complaint to add the corporate owner of the premises, since, under these circumstances in which there is a substantial unity of identity between the named individual defendant and the actual corporate owner of the premises, notice of the suit upon the individual defendant alleviates any prejudice which might otherwise occur as a result of the plaintiff's motion to add the corporation as a party defendant.

Reversed and remanded.

J. H. GILLIS, P.J., dissented. He would hold that an action for invasion of privacy arising out of the existence of secret viewing devices in a public restroom exists only where the plaintiff can plead and prove that she was actually observed by the defendant by means of the viewing devices while in the restroom. He would affirm.

### OPINION OF THE COURT

1. PRIVACY — INVASION OF PRIVACY.

The right of privacy includes the right to be free from unreasonable intrusion upon one's seclusion or solitude or into one's private affairs.

2. PRIVACY — INVASION OF PRIVACY.

An invasion of privacy may consist solely of an intentional interference with a person's interest in solitude or seclusion of any kind that would be deemed to be highly offensive to a reasonable person.

3. PRIVACY — INVASION OF PRIVACY — RESTROOMS — ACTIONS.

The installation of hidden viewing devices in a public restroom constitutes an interference with the privacy of those using the restroom in a manner which a reasonable person would find highly offensive; the failure of a person using the restroom to establish that he or she was actually viewed through the viewing device is not fatal to the maintaining of an action for invasion of privacy.

4. PLEADING — AMENDMENT OF PLEADINGS — PARTIES — CORPORATE
      DEFENDANTS — CORPORATE OFFICERS.

    It is an abuse of discretion for a trial court to deny a plaintiff's
   motion to amend the complaint to add as a party defendant a
   corporation where the individual defendant who was properly
   served was the resident agent of the corporation, was the
   manager of the business facility owned by the corporation, was
   the sole officer of the corporation, and had knowledge that it
   was the intent of the plaintiff to bring suit against the owner of
   the business facility owned by the corporation.

DISSENT BY J. H. GILLIS, P.J.

5. PRIVACY — INVASION OF PRIVACY — RESTROOMS — ACTIONS.

    *An action for invasion of privacy based upon a hidden viewing
   device in a public restroom does not arise from the mere
   existence of such device; an action for invasion of privacy based
   upon such a viewing device arises only where there is an
   allegation and proofs that, in fact, the defendant used the
   device to observe the plaintiff.*

*Stephen M. Landau,* for plaintiff.

*Michael J. Kieltyka* and *Michael J. Murry* (of
counsel), for defendant.

Before: J. H. GILLIS, P.J., and HOOD and M. R.
KNOBLOCK,* JJ.

M. R. KNOBLOCK, J. Plaintiff, individually and as
next friend of her daughter, appeals from circuit
court orders denying her motion to amend her
complaint and granting summary judgment in
favor of defendant.

    Plaintiff's original complaint, filed on August 28,
1981, alleged that plaintiff and her daughter were
patrons at defendant's roller-skating rink on April
19, 1979, and that, while on the premises, they had
utilized the women's restroom provided by defen-
dant for his patrons. Plaintiff thereafter discovered
that the defendant had installed see-through pan-

---

    * Circuit judge, sitting on the Court of Appeals by assignment.

els in the ceiling of the restroom which permitted surreptitious observation from above of the interior, including the separately partitioned stalls. Plaintiff alleged that defendant had personally viewed plaintiff and her daughter while they used the restroom and claimed that defendant's conduct constituted an invasion of their privacy, for which they seek damages.

Defendant moved for summary judgment pursuant to GCR 1963, 117.2(3), alleging there existed no genuine issue of fact. The motion was supported by an affidavit of defendant asserting he did not personally view the plaintiff and her daughter as alleged. Plaintiff conceded at the time of the hearing on the motion that there appeared to be no proof available which would establish that defendant had actually viewed plaintiff and her daughter in the restroom, but she asserted such proof is unnecessary to establish a prima facie case of invasion of privacy. The trial court apparently disagreed and granted summary judgment.

The legally protected right of privacy has been variously defined as:

"[T]he right of an individual to be let alone, or to live a life of seclusion, or to be free from unwarranted publicity, or to live without unwarranted interference by the public about matters with which the public is not necessarily concerned, or to be protected from any wrongful intrusion into an individual's private life which would outrage or cause mental suffering, shame, or humiliation to a person of ordinary sensibilities." 77 CJS, Right of Privacy, § 1, pp 396, 397.

The type of invasion of privacy alleged in this case may be characterized as an "unreasonable intrusion upon the seclusion of another", 3 Restatement Torts, 2d, § 652A, p 376, or more specifically an

"[i]ntrusion upon the plaintiff's seclusion or solitude, or into his private affairs". See Prosser, *Privacy,* 48 Cal L Rev 383, 389 (1960); *Beaumont v Brown,* 65 Mich App 455; 461; 237 NW2d 501 (1975), *rev'd on other grounds* 401 Mich 80; 257 NW2d 522 (1977). A necessary element of this type of invasion of privacy is, of course, that there be an "intrusion". The issue presented for our resolution is whether the installation of the hidden viewing devices complained of can itself constitute a sufficient wrongful intrusion into the seclusion or solitude of plaintiff and her daughter so as to permit recovery. We hold that it can and that, therefore, the granting of summary judgment was improper.

The Michigan Supreme Court acknowledged the concept of the right of privacy in the early case of *De May v Roberts,* 46 Mich 160; 9 NW 146 (1881). In that case, Mrs. Roberts gave birth in her home and the attending physician allowed a young man, who had accompanied him to carry his bags, to remain in the room during the delivery. In affirming a verdict in favor of Mrs. Roberts based on an invasion of privacy, the Court stated:

"It would be shocking to our sense of right, justice and propriety to doubt even but that for such an act the law would afford an ample remedy. To the plaintiff the occasion was a most sacred one and no one had a right to intrude unless invited or because of some real and pressing necessity which it is not pretended existed in this case. The plaintiff had a legal right to the privacy of her apartment at such a time, and the law secures to her this right by requiring others to observe it, and to abstain from its violation." 46 Mich 165-166.

To our knowledge, the specific issue raised in this case has not been previously addressed by the courts of this state. The New Hampshire Supreme

Court, however, confronted an analogous situation where a landlord had secretly installed a listening device in the bedroom of his tenants, enabling him to monitor and record voices and sounds emitting therefrom. *Hamberger v Eastman,* 106 NH 107; 206 A2d 239; 11 ALR3d 1288 (1964). The court held that, in spite of the fact that the tenants did not allege the landlord actually utilized the listening device, their complaint adequately stated an action for invasion of privacy.

The installation of viewing devices as alleged by plaintiff is a felony in this state. MCL 750.539d; MSA 28.807(4). Though this statute does not specifically impose civil liability for such conduct, nor does plaintiff's complaint assert liability based on its violation, it does constitute, at a minimum, a legislative expression of public policy opposed to such conduct.

The type of invasion of privacy asserted by plaintiff does not depend upon any publicity given to the person whose interest is invaded, but consists solely of an intentional interference with his or her interest in solitude or seclusion of a kind that would be highly offensive to a reasonable person. 3 Restatement Torts, 2d, § 652B, p 378. Clearly, plaintiff and her daughter in this case had a right to privacy in the public restroom in question. In our opinion, the installation of the hidden viewing devices alone constitutes an interference with that privacy which a reasonable person would find highly offensive. And though the absence of proof that the devices were utilized is relevant to the question of damages, it is not fatal to plaintiff's case.

Plaintiff also claims on appeal that the trial court erred in denying her motion to amend the complaint. After the applicable statute of limita-

tions had expired, plaintiff determined that the title to the roller-skating facility was held by a corporation, The Rink, Inc., and sought leave to add the corporate entity as a defendant. It appears from the record presented that defendant Abate is the resident agent for the corporate entity, that he is employed by it as manager of the roller-skating facility, that he is its sole officer, and that he had knowledge, both personally and in his representative capacity of the corporate entity, of this litigation and of plaintiff's intent to bring suit against the owner of the roller-skating facility. Based on these facts, we conclude the trial court abused its discretion in denying leave to amend. *Wells v Detroit News, Inc,* 360 Mich 634; 104 NW2d 767 (1960); *Bensinger v Reid,* 17 Mich App 219; 169 NW2d 361 (1969); *Arnold v Schecter,* 58 Mich App 680, 228 NW2d 517 (1975).

Reversed and remanded.

Hood, J., concurred.

J. H. Gillis, P.J. *(dissenting).* I respectfully dissent. Since plaintiff concedes that there appeared to be no proof available which would establish that defendant or anyone else actually used the mirror to view plaintiff and her daughter in the restroom, I fail to see how plaintiff and her daughter have been injured. Installation of the mirror, by itself, was insufficient to harm the plaintiff and her daughter. Any harm to plaintiff and her daughter would arise from use of the mirror to observe them in private acts.

The majority opinion's reliance on *De May v Roberts,* 46 Mich 160; 9 NW 146 (1881), is misplaced. In that case, contrary to what occurred here, the young man actually observed plaintiff giving birth.

I also believe that *Hamberger v Eastman,* 106 NH 107; 206 A2d 239; 11 ALR3d 1288 (1964), relied on by the majority, rests on faulty premises. Although that opinion relies upon Restatement, Torts, § 867, my examination of that section reveals that, in all of the examples, the plaintiff was actually observed. The majority also relies upon 3 Restatement Torts, 2d, § 652A, p 376 and § 652B, p 378. Again, my review of the text and examples in those sections reveals that placement of an eavesdropping or peeping device alone does not constitute a cause of action; the device must actually be used in order for the cause of action to arise.

I would affirm the decision of the trial judge.