Dawn GLAMBIN, Plaintiff,

v.

J.C. PENNEY COMPANY, a foreign corporation, and Equitable Life Assurance Society of the United States, Defendants.

No. 85–CV–71489–DT.

United States District Court,
E.D. Michigan, S.D.

Dec. 5, 1985.

Michael R. Osaer, Sterling Heights, Mich., for plaintiff.

Edward A. Batchelor, III, Southfield, Mich., for defendants.

ORDER DENYING DEFENDANT
EQUITABLE LIFE'S MOTION
FOR SUMMARY JUDGMENT

La PLATA, District Judge.

On December 30, 1984, Plaintiff, Dawn Glambin, instituted a slip and fall action in the Wayne County Circuit Court against two Defendants, a department store at a shopping mall and an entity which she believed was the owner of the mall. Therein, she pleaded that she sustained injuries on December 30, 1981, when she fell on a slippery stairway leading to the entrance of a J.C. Penney retail outlet at the Northland Mall.

After discovering that Equitable Life Assurance Society of the United States (Equitable Life), rather than Northland Mall, was the corporate entity which owned the shopping center, Plaintiff filed an amended complaint in the circuit court on March 25, 1984.[1] This Court acquired jurisdiction over the dispute on April 4, 1985, when one of the Defendants, J.C. Penney Company, filed a petition for removal, pursuant to 28 U.S.C. § 1441.

On August 8, 1985, Defendant Equitable Life filed a Motion for Summary Judgment, asserting that Plaintiff's claim against it is barred by the three year period of limita-

1. Service of process was effectuated upon Eq-    uitable Life on July 22, 1985.

tions applicable to personal injury actions, M.C.L.A. § 600.5805(8). Equitable Life argues that the amended complaint, which was filed more than two months after the expiration of the three year period of limitations, does not relate back to the date the original Complaint was filed.

In opposition to the Motion for Summary Judgment, Plaintiff maintains that her action against Equitable Life is not barred, since the amended Complaint solely corrected an error in the nomenclature of the owner of the shopping center. Plaintiff argues that Equitable Life was not prejudiced by the amended Complaint, for it was aware of the lawsuit when an employee of the mall was served with a copy of the original Complaint in January, 1985.

In numerous cases,[2] the Michigan Court of Appeals has discussed whether a Defendant who was not named in the original pleading was entitled to an accelerated judgment[3] when it was named in the amended Complaint subsequent to the expiration of the statute of limitations. In *Fazzalare v. Desa Industries, Inc.,*[4] a products liability action, the Court, in a split decision, held that the manufacturer of the allegedly defective product was entitled to an accelerated judgment when it was added as a Defendant after the expiration of the three year limitations period. The *Fazzalare* Court held that the use of a "John Doe" Defendant in the original Complaint did not toll the limitations period, even though Plaintiffs exercised due diligence in attempting to ascertain the identity of the manufacturer.[5]

In *Amer v. Clarence A. Durbin Associates,*[6] the Plaintiff was injured when she fell on a concrete floor of a building. He instituted a personal injury action in the Wayne County Circuit Court within three years of the incident, naming the owner of the building and "John Doe Corporation," the unknown manufacturer of materials used in the construction of the building. More than three years after the event, Plaintiff, having discovered the name of the manufacturer, filed an amended Complaint that specifically named the manufacturer as a Defendant. Reversing and remanding the trial court's denial of the added Defendant's Motion for Accelerated Judgment, the *Amer* Court held, among other things, that the manufacturer was not a necessary party to the lawsuit, but that Plaintiff's Motion to Amend his Complaint, filed prior to the expiration of the three year period of limitations, may have tolled the statute.[7]

In *Forest v. Parmalee* (On Rehearing),[8] the Court affirmed the trial court's entry of an Order granting Accelerated Judgment to a Defendant added to the lawsuit subsequent to the expiration of the applicable period of limitations. The *Forest* Court enunciated the general rule that the statute of limitations continues to run in favor of an alleged joint tortfeasor until he is made a party to the lawsuit:

"Where a defendant is brought into an action for the first time upon the filing of an amended or supplemental complaint, the filing of the amendment constitutes the commencement of the action in so far as such new defendant is concerned.

---

**2.** See, e.g., *Forest v. Parmalee* (On Rehearing), 60 Mich.App. 401, 231 N.W.2d 378 (1975), aff'd on other grounds, 402 Mich. 348, 262 N.W.2d 653 (1978); *Charpentier v. Young,* 83 Mich.App. 145, 268 N.W.2d 322 (1978), rev'd 403 Mich. 851, 291 N.W.2d 926 (1978); and *Cobb v. Mid-Continent Telephone Service Corp.,* 90 Mich.App. 349, 282 N.W.2d 317 (1979).

**3.** Prior to the promulgation of the 1985 Michigan Court Rules, a Motion to Dismiss based on the expiration of the statute of limitations, or other defenses such as res judicata, statute of frauds, or a release, was known as a "Motion for Accelerated Judgment." See G.C.R. 1963, 116.1. Under federal procedural rules, the mo-

tion, governed by Fed.R.Civ.P. 56, is described as a Motion for Summary Judgment.

**4.** 135 Mich.App. 1, 351 N.W.2d 886 (1984).

**5.** *Fazzalare* 351 N.W.2d at 888.

**6.** 87 Mich.App. 62, 273 N.W.2d 588 (1978).

**7.** *Amer* 273 N.W.2d at 590–591.

**8.** 60 Mich.App. 401, 231 N.W.2d 378 (1975), aff'd on other grounds, 402 Mich. 348, 262 N.W.2d 653 (1978).

The statutory period runs until the time of the filing of the amendment, and if at that time the action is barred, a party thus subsequently brought in may avail himself of the plea."[9]

The *Forest* Court enumerated three exceptions where a Defendant may be included in a lawsuit after the expiration of the statute of limitations: (1) where the Defendant is a necessary party to the action; (2) when it acquired an interest in the subject matter of the lawsuit during the pendency thereof; and (3) where the amended Complaint merely corrects a defect in the original Complaint.[10]

The Court finds that the circumstances herein fall under the third exception delineated in *Forest,* supra, namely that the amended Complaint rectified, or clarified, a defect in the original pleading. Even though Equitable Life was not included in the original Complaint, Plaintiff, in effect, named it by virtue of her improper designation of "Northland Mall" as the entity which she believed was the owner of the shopping center. Soon thereafter, Plaintiff effectuated service of process upon an employee of the shopping center's administrative office.

Equitable Life was not misled by Plaintiff's erroneous designation. Shortly after the Complaint was filed, Equitable Life discovered the existence of the lawsuit; the attorney representing it in this action filed a Motion to Dismiss on behalf of "Northland Mall." The facts surrounding the incorrect designation of the shopping center's owner are similar to the corresponding facts in *Arnold v. Schecter,*[11] where the Michigan Court of Appeals, relying upon *Wells v. The Detroit News, Inc.,*[12] held that the trial court should have permitted the Plaintiff to amend her Complaint to name a corporation, rather than the corporate officers, as the concern which owned the allegedly defective premises:

At issue in this appeal is whether the trial court erred in refusing to allow the plaintiff to correct her complaint by naming Micor Company, Inc., as defendant rather than its corporate officers. In so holding, the trial court relied upon *Price v. Delano,* 187 Mich. 49, 153 N.W. 7 (1915), and *Apple v. Solomon,* 12 Mich. App. 393, 163 N.W.2d 20 (1968). We find, however, that the procedural and factual circumstances in the present case are more logically covered by the opinion in *Wells v. The Detroit News, Inc.,* 360 Mich. 634, 104 N.W.2d 767 (1960). In that case the Michigan Supreme Court reversed a trial court's determination that the plaintiff could not amend his declaration. The plaintiff had named as defendant The Detroit News, Inc. In fact, the suit should have been brought against The Detroit News which was owned by The Evening News Association, a different Michigan corporation than The Detroit News, Inc.

\* \* \* \* \* \*

All three of these factors are satisfied in the present case. Service of process was made upon proper representatives of the corporation under GCR 1963, 105.4(1), (2). Myron Schecter, president of Micor Company, Inc., was served personally. Allan H. Schecter, director of the corporation, was served by serving Mrs. Allan H. Schecter, the person in charge of the office. Both were served at the corporation's legal address. Second, both the individuals and the corporation are in the same business and were represented by the same law firm. Finally, it is clear that the officers of Micor Company, Inc., were informed of the fact that the plaintiff wished to sue the landlord of the premises. No one was misled to his detriment.[13]

Consequently, the Court DENIES Equitable Life Assurance Society of the United States' Motion for Summary Judg-

---

**9.** *Forest* 231 N.W.2d at 381.

**10.** *Forest* 231 N.W.2d at 381.

**11.** 58 Mich.App. 680, 228 N.W.2d 517 (1975).

**12.** 360 Mich. 634, 104 N.W.2d 767, 769 (1960).

**13.** *Arnold* 228 N.W.2d at 518.

ment.[14] The amended Complaint relates back to the date the original Complaint was filed, December 31, 1984, resulting in the avoidance by Plaintiff of the three year statute of limitations.

---

**14.** Had Plaintiff named John Doe Corporation, "rather than 'Northland Mall,'" as the entity which owned the shopping center, this Court may have reached a different result on the instant motion to dismiss based on the expiration of the statute of limitations. The Court notes that a failure to commence an action until the final day of the period of limitations is fraught with danger.

