■ DONALD J. SALAMONE et al., Individually and as Parents and Natural Guardians of NICOLE M. SALAMONE et al., Infants, Appellants, v OAK PARK MARINA, INC., et al., Respondents, et al., Defendant. [688 NYS2d 362] —Order modified on the law and

as modified affirmed with costs to plaintiffs in accordance with the following Memorandum: Supreme Court erred in granting that part of defendants' motion for summary judgment dismissing the causes of action for negligent and reckless infliction of emotional distress. Contrary to the court's determination, a plaintiff need not prove that he or she was in fact videotaped in order to recover under such causes of action.

With respect to the cause of action for negligent infliction of emotional distress, plaintiffs allege that defendants illegally installed a videotape camera in the ladies' rest room at the marina in violation of General Business Law § 395-b (2). That statute imposes a duty upon the owner of the premises "to refrain from installing a videotape camera in the ladies' rest room at the marina" and is "intended to protect persons * * * who are surreptitiously viewed while lawfully utilizing the described facilities" (*Dana v Oak Park Marina*, 230 AD2d 204, 208). The duty is breached by the installation of the videotape camera.

With respect to the cause of action for reckless infliction of emotional distress, a plaintiff need not establish as an essential element of the cause of action that he or she appears in the videotapes (*see, Harkey v Abate*, 131 Mich App 177, 346 NW2d 74). A plaintiff may recover for the reckless infliction of emotional distress if it is shown that he or she has suffered emotional distress as a result of the defendant's outrageous conduct.

All concur, Pine, J., not participating. (Appeal from Order of Supreme Court, Monroe County, Lunn, J.—Summary Judgment.) Present—Green, J. P., Pine, Wisner, Hurlbutt and Callahan, JJ.