■ NATALIA SAWICKA et al., Respondents, v PETE CATENA et al., Appellants. [912 NYS2d 666]—

In an action, inter alia, to recover damages for intentional infliction of emotional distress and constructive discharge, the defendants appeal from a judgment of the Supreme Court, Kings County (Partnow, J.), dated June 29, 2009, which, upon a jury verdict on the issue of liability finding them at fault, upon the denial of their motion pursuant to CPLR 4401 for judgment as a matter of law, and upon a jury verdict on the issue of damages finding that the plaintiff Natalia Sawicka sustained damages in the principal sum of $100,000 and was entitled to punitive damages in the principal sum of $250,000, and that the plaintiff Agnieszka Bednarczyk-Kaluta sustained damages in the principal sum of $150,000 and was entitled to punitive damages in the principal sum of $250,000, is in favor of the plaintiff Natalia Sawicka and against them in the principal sum of $350,000, and is in favor of the plaintiff Agnieszka Bednarczyk-Kaluta and against them in the principal sum of $400,000.

Ordered that the judgment is affirmed, with costs.

The plaintiffs Natalia Sawicka and Agnieszka Bednarcyk-Kaluta (hereinafter Kaluta) alleged, inter alia, that they were employed by the defendant Avanti Plumbing & Heating, Inc. (hereinafter Avanti), that the defendant Pete Catena was the owner and principal agent of Avanti, and that Catena installed a video camera in Avanti's restroom taping the plaintiffs' use of the restroom. The plaintiffs commenced this action against Avanti and Catena to recover damages for, inter alia, intentional infliction of emotional distress and constructive discharge.

The Supreme Court properly denied the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law. Affording the plaintiffs every favorable inference from the evidence submitted, there was a rational process by which the jury could find in favor of the plaintiffs (see Szczerbiak v Pilat, 90 NY2d 553, 556 [1997]).

" 'One who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress' " (Howell v New York Post Co., 81 NY2d 115, 121 [1993], quoting Restatement [Second] of Torts § 46 [1]; see Murphy v American Home Prods. Corp., 58 NY2d 293, 303 [1983]). Here, Catena's conduct in installing a video camera in a workplace restroom in order to surreptitiously view and record the plaintiffs while they used the restroom is conduct which is unquestionably outrageous

and extreme (*see generally Dana v Oak Park Marina*, 230 AD2d 204, 208-209 [1997]; *see also Adams v Oak Park Marina*, 261 AD2d 903, 904 [1999]; *Salamone v Oak Park Marina*, 259 AD2d 987, 988 [1999]). The evidence was sufficient, as a matter of law, to establish that this caused the plaintiffs severe emotional distress (*see Hering v Lighthouse 2001, LLC*, 21 AD3d 449, 451 [2005]; *see also Plunkett v NYU Downtown Hosp.*, 21 AD3d 1022, 1023 [2005]; *Garcia v Lawrence Hosp.*, 5 AD3d 227, 228 [2004]; *Massaro v O'Shea Funeral Home*, 292 AD2d 349, 351 [2002]).

The plaintiffs' claims that they were subjected to a hostile work environment, based on sex, which led to their constructive discharge, were supported by evidence that Catena deliberately made their working conditions so intolerable by installing a video camera in the restroom, that a reasonable person in their position would have felt compelled to resign (*see Matter of Eastport Assoc., Inc. v New York State Div. of Human Rights*, 71 AD3d 890 [2010]; *Matter of Hilal v New York State Div. of Human Rights*, 57 AD3d 898, 899 [2008]).

The defendants' remaining contentions are either unpreserved for appellate review or without merit. Rivera, J.P., Dickerson, Lott and Roman, JJ., concur.