BRADSHAW *v* MICHIGAN NATIONAL BANK

1. NEGLIGENCE—CREDIT CARDS—FAILURE TO IDENTIFY USER.
   A merchant can be liable to the owner of a credit card for damages for negligence in failing to ascertain the identity of the person who used the credit card.

2. PRIVACY, RIGHT OF—INVASION OF PRIVACY—UNSOLICITED CREDIT CARD.
   The unsolicited mailing of a credit card is not an invasion of privacy.

3. NEGLIGENCE—CREDIT CARDS—ISSUING UNSOLICITED CARD.
   Issuing an unsolicited credit card and sending it to an incorrect address can constitute negligence.

Appeal from Ingham, Sam Street Hughes, J. Submitted Division 2 January 11, 1972, at Lansing. (Docket No. 11141.) Decided March 23, 1972.

Complaint by R. W. Bradshaw and Sally L. Bradshaw against Michigan National Bank and H. Kosit-

REFERENCE FOR POINTS IN HEADNOTES

[1–3] 50 Am Jur 2d, Letters of Credit, and Credit Cards § 39.

chek & Bros. for damages caused by the unsolicited issuance of a credit card. Defendants' motion for summary judgment denied. Defendants appeal by leave granted. Affirmed.

*George Hamilton Foley, P. C.,* for plaintiffs.

*Fraser, Trebilcock, Davis & Foster,* for defendants.

Before: DANHOF, P. J., and T. M. BURNS and O'HARA,* JJ.

DANHOF, J. The plaintiffs commenced this action seeking recovery for damages allegedly caused by the unsolicited issuance of a credit card. Pursuant to GCR 1963, 117.2(1), the defendants moved for summary judgment on the ground that the plaintiff had failed to state a claim upon which relief could be granted. The trial court denied the motion and the defendants appeal on leave granted.

In the latter part of 1966, Michigan National Bank issued a credit card in the name of R. W. Bradshaw. The card was sent to Bradshaw's former address by ordinary mail. The card fell into the hands of third parties who used it to make a number of purchases. The plaintiffs contend that they were injured by the acts of the defendants.

The plaintiffs argue that they are entitled to recover under a number of legal theories. They enumerate these as strict and absolute liability, negligence, invasion of privacy, and nuisance. The trial court denied the defendants' motion for summary judgment on the ground that the defendant, Michigan National Bank, was strictly liable and that

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the defendant H. Kositchek & Bros. could be liable for negligence in failing to ascertain the identity of the person who used the credit card. With regard to H. Kositchek & Bros., we hold that the trial court reached the proper result for the correct reason. With regard to Michigan National Bank, we hold that the trial court reached the proper result although it assigned the wrong reason.

We now turn to the specific theories advanced by the plaintiffs. The theories of strict and absolute liability have no application to this type of case. Strict liability is a term that has been used in product liability cases and absolute liability has been applied in cases involving persons who harbor dangerous animals or engage in abnormally dangerous activities. See *Cova* v *Harley Davidson Motor Co,* 26 Mich App 602 (1970). The law of nuisance also has no application to this case. On the facts of this case as alleged in the complaint we see no violation of the plaintiffs' right of privacy. There are four branches to the right of privacy; intrusion, public disclosure of private facts, false light in the public eye, and appropriation. See Prosser, Torts, § 112. On the facts pleaded, the only right of privacy argument that could be applied is a theory of intrusion. Intrusion is based on the invasion of something that a person has a right to keep private. See *DeMay* v *Roberts,* 46 Mich 160 (1881). However, this intrusion must be by some means that a reasonable man would find objectionable. Prosser gives such examples as peering into windows and making persistent and unwanted phone calls. We express no opinion on the question of whether the unsolicited mailing of obnoxious material is an invasion of privacy. We hold that the unsolicited mailing of a credit card is not an invasion of privacy.

The plaintiffs have pled sufficient facts to state a claim based on negligence.  A credit card is a readily negotiable item.  Issuing an unsolicited credit card and sending it to an incorrect address could be considered negligence.  The plaintiffs' allegations that H. Kositchek & Bros. failed to use reasonable care to ascertain the identity of the person who used the card are sufficient to survive a motion for summary judgment under Rule 117.2(1).

This case presents fact questions of negligence and proximate cause.  These types of questions should not ordinarily be determined summarily.  *Martin* v *Fowler,* 36 Mich App 725 (1971).  This is particularly true when the motion is made under 117.2(1) rather than under 117.2(3).

In their statement of facts, the plaintiffs have made several factual allegations that are not contained in the complaint and it does not appear that they were considered by the trial court.  The plaintiffs contend that agents of the defendants made repeated harassing phone calls and that they circulated a statement among the local merchants telling them not to do business with R. W. Bradshaw.  Had this been presented to the trial court various legal theories, including libel and invasion of privacy, would be involved.  However, since these issues have not been raised we deem it unnecessary to discuss them.

The order of the trial court is affirmed and the cause is remanded for further proceedings not inconsistent with this opinion.

All concurred.