798 F.2d 1413
 13 Media L. Rep. 1237
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
William E. BENNETT, Plaintiff-Appellant,
v.
COLUMBIA BROADCASTING SYSTEM, INC., A New York Corporation,
d/b/a Columbia House, Defendant-Appellee.
 No. 85-1467.
 United States Court of Appeals, Sixth Circuit.
 July 3, 1986.
 
 Before KEITH and BOGGS, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-appellant William E. Bennett appeals from the district court's granting of an involuntary diSMissal in favor of defendant-appellee Columbia Broadcasting System, Inc. ("CBS"), On appeal, Bennett contends that the district court erred in holding that he had not established a Violation of his Michigan common law right to privacy. We affirm.
 
 
 2
 The facts of this case are simple, straightforward, and undisputed. In the mid-1970s, Bennett joined the Columbia House Tape Club, a subdivision of CBS, Due to his membership, Bennett received approximately fifteen direct mailings a year from the record club. In July 1979, Bennett became distressed over the amount of "junk mail" he was receiving and sought to remedy the problem by writing CBS and requesting that CBS remove his name from their mailing lists. CBS promptly responded to Bennett's correspondence and assured him that his name would be removed from their mailing lists.
 
 
 3
 Despite CBS's assurances, Bennett received a Columbia House advertisement in September, 1979 . Bennett immediately sent a letter of protest to CBS. CBS again promptly responded and explained to Bennett that since he failed to include his membership number in his original correspondence a delav had occurred in handling his request. Nevertheless, Bennett, in January, 1980, received two additional mailings from the record club.
 
 
 4
 Bennett initiated this suit approximately two years later in December, 1981 alleging, among other things, that the three mailings by CBS violated his right to privacy under Michigan law. A bench trial was subsequently held on Bennett's invasion of privacy claim. After Bennett had presented his case, the district court judge granted CBS's motion for an involuntary dismissal, see Fed. R. Civ. P. 41(b), finding that the mailings were not an unreasonable intrusion into Bennett's privacy. From this dismissal, Bennett appeals.
 
 
 5
 Neither party disputes that Michigan courts recognize that individuals have a common law right of privacy in their seclusion. Tobin v. Civil Service Commission, 416 Mich. 661, 672-73, 331 N.W. 2d 184, 189 (1982). And, for the purposes of this appeal, we assume that this right extends to a person's mailbox. See Bradshaw v. Michigan National Bank, 39 Mich. App. 354, 197 N.W. 2d 531 (1972). Yet, this right of privacy is not absolute, rather, it only protects against intrusions which a reasonable person would find objectionable. Tobin, 416 Mich. at 674, 331 N.W.2d at 190; Bradshaw, 39 Mich. App. at 356, 197 N.W.2d at 532; see Rice v. Winkelman Brothers Apparel, Inc., 13 Mich. App. 281, 284, 164 N.W.2d 417, 420 (1968) (intrusion must be an "unreasonable and serious interference with the right to seclusion"). The district court judge, in this case, concluded that Bennett had not shown that CBS unreasonably interfered with his right to seclusion and hence granted CBS's Rule 41(b) motion.
 
 
 6
 A district court in ruling on a Rule 41(b) motion weighs and evaluates the evidence as a trier of fact. Hersch v. United States, 719 F.2d 873, 876 (6th Cir. 1983). Thus, a district court's ruling on a Rule 41(b) motion acts as a trial on the merits and, accordingly, an appellate court's review of the district court's decision is limited by the clearly erroneous standard. D.E. Rogers Associates, Inc. v. Gardner-Denver Co., 718 F.2d 1431, 1434 (6th Cir. 1983), cert. denied, 467 U.S. 1242 (1984). A district -court, however, is not required to make specific factual findings pursuant to Fed. R. Civ. P. 52(a) if in ruling on the motion the court accepted all of the appellant's factual assertions as true. Ray v. Foreman, 441 F.2d 1266, 1269 (6th Cir. 1971), cert denied 405 U.S. 926 (1972). In this case, we review the district court's decision, taking, as the district court judge did, all of Bennett's factual allegations as true.
 
 
 7
 Bennett only introduced evidence of three mailings made after his initial letter to CBS. Even considering this evidence with the most probative value possible, we are constrained to agree with the district court that Bennett has not established an invasion of his Michigan common law right of privacy. The three mailings by CBS, under the circumstances of this case, simply cannot be deemed an unreasonable interference with Bennett's right to seclusion, especially considering CBS's prompt responses to Bennett's complaints. At the most, they rise to the level of a minor annoyance which is part of everyday life. See Tobin, 416 Mich. at 674, 331 N.W.2d at 190.
 
 
 8
 For the foregoing reasons, the decision of the district court is affirmed.*
 
 
 
 *
 Due to our resolution of this case, we need not and do not decide whether 39 U.S.C. 5 3008 (1982) is a householder's sole remedy against unwarranted mail