515 A.2d 594

**Joseph DeANGELO, Appellant,**

v.

**Ronald G. FORTNEY, Appellee.**

Superior Court of Pennsylvania.

Argued June 26, 1986.

Filed Sept. 23, 1986.

128

Charles A. Bierbach, Huntingdon, for appellant.

Lawrence L. Newton, Huntingdon, for appellee.

Before WIEAND, BECK and WATKINS, JJ.

WIEAND, Judge:

Joseph DeAngelo was solicited for business purposes by two home improvement companies in February and March, 1985. The solicitation occurred after DeAngelo's name,

address and telephone number had been supplied by Ronald G. Fortney in response to information cards distributed by the home improvement contractors. DeAngelo filed a civil complaint against Fortney, alleging causes of action in separate counts for harassment and invasion of privacy. The trial court sustained preliminary objections in the nature of a demurrer and entered judgment for Fortney on both causes of action. DeAngelo appealed. We affirm.

"Upon demurrer, a reviewing court must regard as true all well pleaded facts and reasonable inferences deducible therefrom." *Klein v. Raysinger*, 504 Pa. 141, 144, 470 A.2d 507, 508 (1983). Conclusions of law, however, do not bind a reviewing court. *Cunningham v. Prudential Property and Casualty Insurance Co.*, 340 Pa.Super. 130, 133, 489 A.2d 875, 877 (1985). It is in this light that we examine the complaint to determine whether it sets forth a cause of action which, if proved, would entitle the plaintiff to the relief sought. *Id.* If the complaint fails to set forth a cause of action, a preliminary objection in the nature of a demurrer is properly sustained. *Id.; Rubin v. Hamot Medical Center*, 329 Pa.Super. 439, 441, 478 A.2d 869, 870 (1984).

Appellant alleged in his complaint that Solarshield, Inc. called him by telephone in early February, 1985, to ask whether he wanted to arrange an appointment regarding kitchen repairs. Approximately one month later, appellant received a letter from the Gunton Company, which advertised window and door replacements and solicited appellant's business. When appellant asked why contractors had contacted him, he was told that cards, requesting that the contractors get in touch with him, had been filled out in his name at displays maintained by the contractors at a local shopping mall. These cards allegedly had been completed by Fortney.

It has been observed that the cause of action for invasion of privacy " 'is not one tort, but a complex of four.' " *Vogel v. W.T. Grant Co.*, 458 Pa. 124, 129 n. 9, 327 A.2d 133, 136 n. 9 (1974), quoting W. Prosser, *Handbook of the*

*Law of Torts* § 117, at 804 (4th ed. 1971). See also: *Restatement (Second) of Torts* § 652A; *Prosser and Keeton on Torts* § 117, at 851 (5th ed. 1984). These four consist of (1) intrusion upon seclusion; (2) appropriation of name or likeness; (3) publicity given to private life; and (4) publicity placing a person in false light. *Restatement (Second) of Torts* § 652A. In the instant case, appellant contends that there was an intrusion upon his seclusion.

This tort is defined at *Restatement (Second) of Torts* § 652B as follows:

> One who intentionally intrudes, physically or otherwise, upon the solitude or seclusion of another or his private affairs or concerns, is subject to liability to the other for invasion of his privacy, if the intrusion would be highly offensive to a reasonable person.

An actionable intrusion consists of "an intentional interference with [a person's] interest in solitude or seclusion, either as to his person or his private affairs or concerns...." *Restatement (Second) of Torts* § 652B, comment a. However, there is "no liability unless the interference with the plaintiff's seclusion is a substantial one, of a kind that would be offensive to the ordinary reasonable [person], as the result of conduct to which the reasonable [person] would strongly object. Thus, there is no liability for knocking at the plaintiff's door, or [for] calling him to the telephone on one occasion or even two or three, to demand payment of a debt. It is only when the telephone calls are repeated with such persistence and frequency as to amount to a course of hounding the plaintiff, that becomes a substantial burden to his existence, that his privacy is invaded." *Restatement (Second) of Torts* § 652B, comment d. See also: *Chicarella v. Passant*, 343 Pa.Super. 330, 339, 494 A.2d 1109, 1114 (1985) (intrusion must be substantial and highly offensive to ordinary person). To constitute a tortious invasion of privacy an act must " 'cause mental suffering, shame or humiliation to a person of ordinary sensibilities.' " *Hull v. Curtis Publishing Co.*, 182 Pa.Super. 86, 99, 125 A.2d 644, 646 (1956), quoting

*Smith v. Doss,* 251 Ala. 250, 252–253, 37 So.2d 118, 120–121 (1948).

■ In the instant case, appellant has failed to plead a substantial and highly offensive intrusion. He has alleged one telephone call and one mailing from separate, home improvement contractors, each of whom was soliciting appellant's business. These were caused by and at the instance of appellee. Business solicitations are generally inoffensive inquiries accepted as part of daily living. Two inquiries or solicitations, each by a different contractor, is clearly insufficient to give rise to an actionable intrusion upon appellant's seclusion. See: *Sofka v. Thal,* 662 S.W.2d 502 (Mo.1983) (six or eight phone calls over course of several months by collection agency not actionable as a matter of law); *Tobin v. Michigan Civil Service Commission,* 416 Mich. 661, 331 N.W.2d 184 (1982) (mailing of unsolicited messages not amounting to harassment is not actionable); *Bradshaw v. Michigan National Bank,* 39 Mich.App. 354, 197 N.W.2d 531 (1972) (unsolicited mailings not actionable intrusions). Cf. *Chicarella v. Passant, supra* (securing plaintiff's hospital records neither substantial nor highly offensive); *Nagy v. Bell Telephone Company of Pennsylvania,* 292 Pa.Super. 24, 436 A.2d 701 (1981) (obtaining list of telephone numbers called long distance from subscriber's phone did not "cause mental suffering, shame, or humiliation to a person of ordinary sensibilities"). See generally: Annot. 56 A.L.R.3d 457; *Prosser and Keeton on the Law of Torts,* § 117 (1984).

■ The present action was brought not against the soliciting contractors but against the person who had given the contractors the name, address and telephone number of the person to be solicited. Still, the calls themselves were not tortious; and, therefore, we should not create a cause of action against one who initiated the events leading up to those solicitations. We hold, rather, that it was not actionable for appellee to provide to business persons the name, address and telephone number of appellant as a potential customer.

DeAngelo also attempted to state a cause of action against Fortney for harassment. Pennsylvania courts have not heretofore recognized a separate tort of harassment. We decline to do so in the instant case, being of the opinion that an action for invasion of privacy will ordinarily be an adequate remedy for highly offensive conduct which unreasonably interferes with another's right to be left alone. Cf. *Standard Pipeline Coating Co. v. Solomon & Teslovich, Inc.*, 344 Pa.Super. 367, 496 A.2d 840 (1985) (court refused to recognize new tort where existing tort and contract remedies afforded adequate remedies to address claims such as those asserted by plaintiff). Moreover, if we were to create a separate tort of harassment premised upon the crimes of harassment, as defined at 18 Pa.C.S. § 2709, or harassment by communication or address, as defined at 18 Pa.C.S. § 5504, appellant has in this case failed to allege injury of any type resulting from the business solicitations of which he complained. The furnishing of appellant's name was not actionable.

Affirmed.