531 A.2d 520

**Peter J. SOBEL, Ph.D., Appellant**

v.

**Levi WINGARD.**

Superior Court of Pennsylvania.

Submitted June 8, 1987.

Filed Sept. 23, 1987.

---

Peter J. Sobel, in propria persona.

John D. Snyder, III, West Chester, for appellee.

Before CIRILLO, President Judge, and TAMILIA and WATKINS, JJ.

WATKINS, Judge:

This case comes to us on appeal from the Court of Common Pleas of Chester County wherein preliminary objections to plaintiff's civil complaint alleging a cause of action in libel and "harassment", against defendant were sustained thereby terminating plaintiff's lawsuit.

On November 14, 1985, plaintiff was a substitute teacher for the Downington Area School District. The defendant was principal of the district's high school. Defendant wrote to plaintiff informing plaintiff that his services as a teacher would no longer be required because of problems with "lesson plans", the taking of attendance, and the preparation of the day's activities reports. The letter was sent by defendant to plaintiff with copies going to the school's personnel director and the secondary education director. Plaintiff claimed that the charges mentioned against him in the letter are false and on August 25, 1986, filed a civil action against defendant alleging libel, slander and "severe harassment".

After defendant filed preliminary objections to the complaint including a demurrer to the Complaint the trial court entered an order on December 12, 1986 sustaining the demurrer. The court held that the Complainant failed to state a cause of action upon which relief could be granted. This appeal followed.

In deciding the issue as to whether a demurrer to a complaint was properly granted, we must accept all well-pleaded material facts alleged in the complaint as well as all inferences reasonably deduced therefrom as true and then decide whether the complaint alleges sufficient facts to permit recovery. *Gordon v. Lancaster Osteopathic Hospital Association, Inc.*, 340 Pa.Superior Ct. 253, 489 A.2d 1364 (1985). Whether a publication is capable of a defamatory meaning is a question of law for the court. *Doman v. Rosner*, 246 Pa.Superior Ct. 616, 371 A.2d 1002 (1977).

A publication is defamatory if it tends to harass the reputation of another so as to lower him or her in the

estimation of the community or if it tends to deter third persons from associating or dealing with him or her. *Corabi v. Curtis Publishing Co.*, 411 Pa. 432, 273 A.2d 899 (1971). There are two kinds of defamation. Slander occurs by words which are spoken that are defamatory. *Solasko v. Paxton*, 383 Pa. 419, 119 A.2d 230 (1956). Libel is maliciously written or printed material which tends to blacken a person's reputation or to expose the person to public hatred, contempt, or ridicule or injure the person in his or her business or profession. *Corabi,* supra. In order for defamation to occur in either case the defamatory statement must be "published", that is, communicated to a third person. In our case a letter written by defendant to plaintiff was copied to two other persons. The letter was critical of plaintiff's performance as a substitute teacher. Because the source of the alleged defamation was the letter the type of defamation with which we are concerned in the instant case is libel and not slander. Thus the trial court was correct in dismissing the slander action.

■ In determining whether a communication is defamatory, we must be guided by consideration of the expertise and knowledge of those to whom the publication was circulated, and by consideration of the effect it is fairly calculated to produce. *Corabi,* supra.

■ In the instant case, defendant states in the letter in question that the Plaintiff left no report for the teacher, did not follow a lesson plan and left the classroom during a test. These statements do not criticize his talents, skills or abilities as a teacher. It comments upon his adherence to administrative policies. The letter does not, in light of its full context and its audience, attribute a lack of skill or ability which would tend to harm him in his profession as a teacher. Furthermore, it welcomes an opportunity for Plaintiff to speak with defendant about these allegations. Moreover, the only other persons who received this notice were the Directors of Personnel and Secondary Education. These persons, in light of their positions and expertise, are persons who can be expected to interpret properly defend-

ant's remarks. As such, it cannot be held that the remarks harm his reputation so as to lower him in the estimation of the community or deter third persons from associating or dealing with him.

In addition, liability for publication of a defamatory matter may be defeated by a privilege to publish it. *Agriss v. Roadway Express, Inc.*, 334 Pa.Superior Ct. 295, 483 A.2d 456 (1984). An employer has an absolute privilege to publish defamatory matters in notices of employee terminations. *DeLuca v. Reader*, 227 Pa.Superior Ct. 392, 323 A.2d 309 (1974); *Agriss*, supra. This absolute privilege was extended in *Agriss* to include publications of defamatory material in warning letters. Moreover, evaluations of an employee by an employer are deemed to be consented to by the employee. *Baker v. Lafayette College*, 350 Pa.Superior Ct. 68, 504 A.2d 247 (1986). Consent is an absolute privilege. *Baker*, supra.

The instant publication is solely related to plaintiff's employment and his work performance. It is addressed only to him and to limited supervisory personnel. As such it is not capable of defamatory meaning. See *Wendler v. DePaul*, 346 Pa.Superior Ct. 479, 499 A.2d 1101 (1985).

In *Keddie v. Pennsylvania State University*, 412 F.Supp. 1264 (M.D.Pa.1976). As in *Wendler*, supra and *Baker*, supra the court held that an employer's evaluative statements of an employee which were critical of the employee's job performance were not defamatory. Thus, we hold that such statement, read in the context of an employment-related report, are not capable of defamation. For these reasons, we hold that the trial court was also correct when it granted the demurrer to the libel action.

Finally, the trial court was also correct when it granted the demurrer to the "harassment" count alleged in plaintiff's complaint. In *DeAngelo v. Fortney*, 357 Pa.Superior Ct. 127, 515 A.2d 594 (1986) we declined to create a new cause of action in tort for "harassment". For the same reasons discussed at some length in that case we

decline to do so in the instant case. Furthermore, plaintiff has not alleged any facts which would tend to show that defendant's letter had "no legitimate purpose" or was written merely to "annoy" him which are elements of the offense of harassment as set forth in Pennsylvania Crimes Code at 18 Pa.C.S.A. 2709.

Order affirmed.[1]

1. By order dated July 22, 1987, this Court granted appellant's petition for consolidation joining 628 Phila., 1987 with 91 Phila., 1987. Briefs for the appeal at 628 Phila., 1987 were due thirty (30) days from the date of that order. However, no briefs were even filed. Consequently, by Order dated September 10, 1987, the appeal at 628 Phila.,1987 was dismissed.