## Blunt v. The Patriot News Company

*Penny Blackwell,* for plaintiff.
*Elizabeth A. Dougherty,* for defendants.

DOWLING, *J.,* February 27, 1989 —

*To be blunt, no way, Betty.*

The naked averments of the pleading reveal only the bare facts, but from them emerges a tale somewhat unique in the annals of litigation. The charge is one of sexual harassment, a complaint unknown to the common law, though a transgression perhaps originating in the Garden of Eden for though Eve did say, "The serpent beguiled me and I did eat,"[3] it may well have been her exposed charms which seduced poor Adam into savoring the forbidden fruit. We also know from the Book of Genesis of Joseph's tribulations with Potiphor's wife, where as a result of his refusing to lie with her, she falsely accused him of rape and he was imprisoned.[4]

Though a great deal of this nasty sort of thing has probably been occurring over the centuries, its tortious nature has only recently been asserted. To get to the bottom, it seems that Betty invited Larry

1. Genesis 3:4.
2. Genesis 29:7-20.

to her home for a pig roast, during the course of which she pulled his shorts away from his body "exposing his genitals, looked at his penis, and made sexual and joking comments." On another occasion, it is alleged that she "approached the plaintiff and grabbed his testicles," and that furthermore, she did "press her bosom against his head." Then on another occasion, she kicked the plaintiff in the buttocks and then did proceed "to massage plaintiff's buttocks."

For reasons not appearing of record, Larry resented these atrocious acts and this unsolicited invasion of his private affairs and has replied by suing Betty for sexual harassment alleging that this unspeakable conduct has created an intimidating, hostile and offensive working environment. He has also brought an action against The Patriot-News Company where he and Betty are employed, averring that the employer, despite his complaints, failed to take any action to stop this repulsive behavior.

A demurrer to the complaint is before us, defendants contending that the complaint alleges no Pennsylvania or federal statute as a basis for the suit and that our courts do not recognize a non-statutory or common-law cause of action.

It appears that Mr. Blunt has also filed a complaint on September 12, 1986 with the Pennsylvania Human Relations Commission alleging sexual harassment. This matter is still under investigation, but on October 22, 1987, the commission issued what is known as a one-year letter which advises the complainant that they have the right to bring an action in the appropriate Pennsylvania court of common pleas.

But does a litigation right exist for sexual harassment outside the embraces of the Human Relations

Act? If not, it cannot be created by the one-year letter. The Human Relations Commission is concerned with various and sundry forms of discriminatory practice by employers based on race, color, religious creed, ancestry, age, sex, national origin, or disability. 43 P.S. §955(a). While the act does not specifically mention sexual discrimination, the commission, pursuant to its authority to adopt rules and regulations to effectuate the provisions of the act, has adopted guidelines which stated that harassment on the basis of sex is a violation of section 5(a) of the Human Relations Act. 43 P.S. §955(a).

Recent decisions of the Pennsylvania Superior Court have established that no common-law cause of action exists in the Commonwealth of Pennsylvania for the tort of "harassment." In *Sobel v. Wingard*, 366 Pa. Super. 482, 531 A.2d 520 (1987), a substitute teacher's services were terminated because of alleged "problems" with his performance. Plaintiff brought suit against the principal of the high school alleging, inter alia, that he was subjected to "severe harassment." The Pennsylvania Superior Court affirmed the decision of the Court of Common Pleas of Chester County which granted defendant's preliminary objections in the nature of a demurrer to the "harassment" count. The court declined "to create a new cause of action in tort for 'harassment.' " *Sobel* at 487, 531 A.2d at 523.

In so holding, the *Sobel* court cited its prior decision in *DeAngelo v. Fortney,* 357 Pa. Super. 127, 515 A.2d 594 (1986), another case in which the Superior Court affirmed the lower court's grant of the defendant's preliminary objections in the nature of a demurrer to a claim for "harassment." The Superior Court stated:

"[Plaintiff] also attempted to state a cause of action against [defendant] for harassment. Pennsyl-

vania courts have not heretofore recognized a separate tort of harassment. We decline to do so in the instant case, being of the opinion that an action for invasion of privacy will ordinarily be an adequate remedy for highly offensive conduct which unreasonably interferes with another's right to be left alone." *DeAngelo* at 132, 515 A.2d at 596.

In what amounts to a one-page brief, plaintiffs merely state in opposing the preliminary objections that a decision from the Lancaster Court of Common Pleas, *Young v. Y&S Candies,* 45 D. & C.3d 115 (1986), permits the filing of an action in the court of common pleas. This lower court decision is distinguishable in many respects. The opinion dealt only with the responsibility of the employer since plaintiff recovered a default judgment against the employee. Furthermore, the action against the employer sought damages for emotional and mental distress rather than a claim concerning sexual harassment. On the basis of *Fye v. Central Transportation Inc.,* 487 Pa. 137, 409 A.2d 2 (1979), the court accepted jurisdiction and found that plaintiff "has the arguable right to file an action before the court of common pleas." *Young* at 120. *Fye* dealt with a cause of action which dealt with sexual *discrimination* in that the plaintiff was not rehired after she left for a pregnancy. However, it sustained a demurrer on the basis that there was no common law cause of action for sexual harassment.

"We note initially that our appellate courts have yet to recognize a common-law cause of action which assigns a specific duty on the part of employers to maintain a work environment free from sexual harassment engaged in either by co-employees, as in the instant action, or by supervisors.

"Lacking any guidance from existing decisions of our appellate courts, we feel constrained to forego

the creation of a new cause of action independent of the remedies provided by PHRA." *Young* at 123.

Thus, it seems evident that the Commonwealth of Pennsylvania does not recognize a cause of action for sexual harassment. Therefore, plaintiff will have to await the pleasure of the Human Relations Commission and continue with the action he has filed there against the employer. It would seem that Betty is out of the way.

To end this affair, we enter the following

### ORDER

And now, February 27, 1989, defendants' preliminary objections in the nature of a demurrer are sustained, and plaintiff's complaint is dismissed.