48 F.3d 1219
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 MacDONALD AND GOREN, P.C., Plaintiff-Appellant,
v.
AETNA CASUALTY AND SURETY COMPANY, Aetna Casualty and Surety
Company of Illinois, Standard Fire Insurance
Company, Defendants-Appellees.
 No. 93-2624.
 United States Court of Appeals, Sixth Circuit.
 March 10, 1995.
 
 Before: CONTIE, RYAN and SILER, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff, MacDonald and Goren, P.C. (M & G), a law firm, appeals the decision of the district court granting summary judgment in favor of the defendant, Aetna Casualty & Surety Company (Aetna). M & G contends that the district court erred in finding that the underlying lawsuit did not state a claim for invasion of privacy or defamation and was thus not covered under the commercial general liability (CGL) policy and that the district court erred in granted summary judgment for defendants as there were remaining issues of material facts. For the reasons stated herein, we affirm the decision of the district court.
 
 I.
 
 2
 This action arises from Aetna's refusal to defend and indemnify M & G in an underlying lawsuit brought against M & G and its senior partner, Harry MacDonald, by a former associate attorney of the firm, Armand Velardo.
 
 
 3
 The policy at issue is a CGL policy in which M & G is designated as the named insured. Coverage B defines the coverage available for "Personal and Advertising Injury Liability." The insuring agreement for this coverage provides, "We (Aetna) will pay those sums that the insured becomes legally obligated to any as damages because of 'personal injury' ... to which this insurance applies ... We will have the right and duty to defend any 'suit' seeking those damages." The policy defines "suit" as "a civil proceeding in which damages because of ... 'personal injury' ... to which this insurance applies are alleged." It specifically defines "personal injury" as:
 
 
 4
 [I]njury, other than "bodily injury," arising out of one or more of the following offenses:
 
 
 5
 (a)-(c) [not applicable here]
 
 
 6
 (d) Oral or written publication of material that slanders or libels a person or disparages a person's or organization's goods, products or services; or
 
 
 7
 (e) Oral or written publication of material that violates a person's right of privacy.
 
 
 8
 Velardo's complaint alleged four counts: (I) violation of the Elliott-Larsen Civil Rights Statute; (II) discharge in violation of public policy; (III) breach of contract; and (IV) tortious interference with a contractual or business relationship. Neither his complaint nor his first amended complaint alleged causes of action for libel/slander, disparagement, or invasion of privacy.
 
 
 9
 Aetna defended M & G under a reservation of rights. Discovery, including Velardo's deposition, was then undertaken for six months.
 
 
 10
 Velardo testified that M & G's senior partner "solicited, encouraged, and later required him to attend weekly Bible studies" which were held at M & G's law offices every Friday morning. Velardo had attended these studies, "against his wishes," for awhile and then ceased. He alleged that as a result of his withdrawal from the studies, he was subjected to an intimidating, hostile and offensive work environment and was later fired.
 
 
 11
 After reviewing Velardo's deposition, Aetna informed M & G that its defense would be withdrawn and there was no coverage for Velardo's claims under the policy. M & G and Velardo then settled the suit for $75,000.
 
 II.
 
 12
 Review of a district court's grant of summary judgment is de novo. Lavado v. Keohane, 992 F.2d 601, 605 (6th Cir.1993). Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); Anderson v. Liberty Lobby, 477 U.S. 242, 250 (1986). In responding to a summary judgment motion, the non-moving party must set "forth specific facts showing that there is a genuine issue for trial." Fed.R.Civ.P. 56(e)
 
 
 13
 The district court granted summary judgment for Aetna, finding that Velardo did not allege a cause of action based upon defamation or breach of privacy and that the sections of the policy under which M & G seeks to hold Aetna excluded coverage.
 
 
 14
 Under Michigan law, "[t]he obligation to defend is to be determined by the allegations of the complaint in the underlying action ... An insurer has a duty to defend a suit, despite theories of liability that are not covered, if there are any theories of recovery that fall within the policy ... The insurer must 'look behind' the third-party allegations to analyze whether coverage is possible." Allstate Insurance Company v. Demps, 348 N.W.2d 720, 724 (Mich.Ct.App.1984). However, "[t]he duty extends only to the defense of actions of the nature and kind covered by the policy." Zurich Insurance Company v. Rombough, 180 N.W.2d 775, 778 (Mich.1970).
 
 
 15
 M & G first contends that coverage was required because Velardo sought (or arguably sought) damages because of "oral ... publication of material that slanders or libels a person ... or disparages a person's ... services." In Michigan, libel and slander is collectively considered as defamation. The four elements of an action for defamation are: "(1) a false and defamatory statement concerning plaintiff; (2) an unprivileged publication to a third party; (3) fault amounting to at least negligence on the part of the publisher; and (4) either actionability of the statement irrespective of special harm (defamation per se) or existence of special harm caused by the publication (defamation per quod)." Kurz v. The Evening News Association, 375 N.W.2d 391, 394 (Mich.Ct.App.1985), vacated on other grounds, 403 N.W.2d 805 (Mich.1987).
 
 
 16
 In his pleadings Velardo did not allege that M & G had "libeled" and/or "slandered" him. In fact, at the time Velardo filed his suit, the statute of limitations had run on both of these types of claims. MCLA 600.5805(7). Velardo also never alleged that M & G had "disparaged" his services nor did he allege any of the elements of a disparagement claim. Therefore, there was no coverage for any libel or slander claims, as none were alleged by Velardo and denial of coverage was appropriate under the circumstances.
 
 
 17
 M & G next contends that coverage was required because Velardo stated a claim under "intrusion upon seclusion." A cause of action for intrusion must include "invasion of something that a person has a right to keep private ... However, this intrusion must be by some means that a reasonable man would find objectionable." Bradshaw v. Michigan National Bank, 197 N.W.2d 531, 536 (Mich.Ct.App.1972). Examples of factual situations where this tort has been found actionable include Harkey v. Abate, 346 N.W.2d 74 (Mich.Ct.App.1983) (two-way mirrors installed to enable defendant to observe plaintiff disrobing); and Bradshaw, 197 N.W.2d 531 (peering into windows and making persistent and unwanted phone calls).
 
 
 18
 Velardo did not make a claim for damages because of M & G's statements which invaded his right to privacy or for intrusion upon his solitude. Further, whether Velardo may have or could have raised an invasion of privacy or intrusion upon seclusion claim given the underlying facts is irrelevant here. Therefore, denial of coverage was appropriate under these circumstances.
 
 
 19
 Finally, M & G contends that the district court's grant of summary judgment was premature as no discovery had been taken. Yet M & G did not seek a continuance from the district court in order to conduct discovery. M & G contends that discovery "would likely" have produced factual support for its position, but fails to specifically state what discovery would have provided such support.
 
 
 20
 Where the facts underlying an insurance coverage question are not in dispute, resolution by means of summary judgment is appropriate. Robinson v. YMCA, 333 N.W.2d 306 (Mich.1983). In this case there were no genuine issues of material fact for a jury to decide, so the district court's grant of summary judgment in favor of Aetna was correct.
 
 
 21
 AFFIRMED.