# David A. Klein Real Estate Ltd. v. The Ridings at Brookside Condominium Association

C.P. of Lehigh County, no. 2003-C-679.

*Henry S. Perkin,* for plaintiff.
*Steven L. Sugarman,* for defendant.

BLACK, *J.,* July 12, 2004—The plaintiff, David A. Klein Real Estate Ltd., seeks to recover money damages from the defendant, The Ridings at Brookside Condominium Association, for breaching the management agreement between the parties and for publishing defamatory statements about the plaintiff in The Ridings Record, the Association's newsletter. Presently before the court for disposition is the Association's motion for partial summary judgment on Count II of the complaint alleging defamation. The Association contends that it enjoys a conditional privilege to publish statements about the plaintiff's performance as managing agent to its members. It also argues that the newsletter contained mere expressions of opinion and that these statements were truthful and hence are not actionable.

The evidence before the court consists of the complaint and answer; the management agreement;[1] a September 26, 2002 letter terminating the plaintiff's services;[2] and the allegedly defamatory newsletter.[3] Two depositions have also been submitted for our consideration from Martha A. Westbrook, president of the board of directors of the Association,[4] and from David A. Klein, president of the plaintiff.[5]

For the reasons stated, partial summary judgment is granted in favor of the Association on the defamation claim in Count II.

## FACTUAL AND PROCEDURAL BACKGROUND

David A. Klein Real Estate Ltd. is a real estate management corporation. The Association is a non-stock, non-profit corporation whose members are the owners of the 213 condominium units in The Ridings at Brookside Condominium located in the Borough of Macungie, Lehigh County, Pennsylvania. The plaintiff and the Association entered into an agreement on August 24, 1999, for the plaintiff to act as the Association's managing agent.

On Thursday, September 25, 2002, the board of directors for the Association met and voted to terminate the

---

1. Complaint, exhibit A.
2. Complaint, exhibit B.
3. Complaint, exhibit D.
4. Memorandum of law in support of motion for partial summary judgment of defendant, The Ridings at Brookside Condominium Association, exhibit A.
5. Memorandum of law in support of motion for partial summary judgment of defendant, The Ridings at Brookside Condominium Association, exhibit B.

plaintiff's services. The plaintiff was formally terminated on September 25, 2002, by verbal notification and by letter dated September 26, 2002, written by the Association's attorney. The board identified 10 reasons in support of its decision. These reasons were published in the Association's September 2002 newsletter, distributed to all condominium owners at The Ridings at Brookside Condominium. The reasons given were as follows:

"(1) *Inaccurate and incomplete unit owners directory.* Klein Realty has been managing agent for the past 2 1/2 years and Friends have found 85 mistakes in the directory list maintained by David Klein Realty.

"(2) *Failure to make regular walk-through inspections of the property.*

"(3) *Failure to make timely repairs.*

"(4) *Failure to follow up on rule enforcement.*

"(5) *Failure to follow through with unit owner communications.*

"(6) *Failure to help with developer transition.*

"(7) *Failure to maintain and provide copies of leases.*

"(8) *Failure to record accurate minutes of meetings.*

"(9) *Creating a conflict of interest.*

"(10) *Failure to communicate.*" Complaint, exhibit D. (emphasis in original)

In response to his termination, the plaintiff filed a complaint in the instant action on March 14, 2003. In Count I, the plaintiff asserts a claim for breach of the management agreement. In Count II, the plaintiff asserts a cause of action for libel, claiming that the newsletter contained

false and misleading statements that amount to libel per se.

The Association acknowledges in its answer that, after terminating the plaintiff, it published the September 2002 newsletter stating the reasons for the plaintiff's dismissal. However, the Association denies that the statements in the newsletter were defamatory, false or malicious. The Association sets forth three defenses as the basis for its partial summary judgment motion: (1) that it had a conditional privilege to make the statements to its members; (2) that the article in the newsletter contained merely expressions of opinion; and (3) that the statements in the newsletter were truthful.

## DISCUSSION

### I. *Summary Judgment Standard*

Summary judgment is warranted after the relevant pleadings are closed under the following circumstances: "(1) whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense which could be established by additional discovery or expert report, or (2) if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury." Pa.R.C.P. 1035.2.

Summary judgment is to be granted only in a case that is clear and free from doubt. *Washington v. Baxter*, 553 Pa. 434, 441, 719 A.2d 733, 737 (1998). However, where

the relevant facts are not in dispute, summary judgment is appropriate. *Diamond Energy Inc. v. Pennsylvania Public Utility Commission,* 653 A.2d 1360, 1367 (Pa. Commw. 1995).

## II. *The Libel Cause of Action*

The Association's first argument in support of its partial summary judgment motion rests upon the defense of conditional privilege. A publication is conditionally privileged when "circumstances lead any one of several persons having a common interest in a particular subject matter correctly or reasonably to believe that there is information that another sharing the common interest is entitled to know." Restatement (Second) of Torts §596.

The Association, as the defendant in the present action, has the burden of proving the "privileged character" of the newsletter. 42 P.S. §8343(a).

The Pennsylvania Superior Court has applied the doctrine of conditional privilege to communications regarding the termination of employment. In *Sobel v. Wingard,* 366 Pa. Super. 482, 531 A.2d 520 (1987), a high school principal sent a substitute teacher a letter informing her that she was being terminated due to her inability to follow administrative procedures. Copies of the letter were provided to the school's personnel director and secondary education director. The plaintiff filed a lawsuit against the principal asserting that the letter constituted libel. The court disagreed, holding that employers have an "absolute privilege to publish defamatory matters in notices of employee terminations." *Id.* at 487, 531 A.2d at 522. The court noted that the letter related to the plaintiff's employment and was distributed only to limited personnel.

▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉▉

The letter in *Sobel* is analogous to the newsletter in the present action. The plaintiff was under contract to provide services to the Association. Therefore, the Association is permitted to publish a notification of the plaintiff's termination to those individuals with a legitimate interest in knowing about the performance of these services. Condominium unit owners at The Ridings at Brookside Condominium did have a legitimate interest in knowing the identity of their association's managing agent, as well as the reasons behind a decision to terminate the current agent. The unit owners were entitled to receive this information as a consequence of their ownership of condominium units as well as their payment of Association dues, which were used in part to pay for the plaintiff's services. Obviously, a failure on the part of the managing agent to perform its duties could directly impact each unit owner.

The newsletter was a proper forum to notify condominium owners of the Association's decision to terminate the plaintiff. Martha M. Westbrook testified at her deposition that the newsletter was distributed only to condominium unit owners to inform them why the plaintiff's services were terminated.[6] Furthermore, the scope of the communication was clearly restricted to the reasons for termination, all of which related directly to the plaintiff's work performance.

Since the Association has satisfied its burden of proving that the publication of the newsletter was protected by a conditional privilege, we must next consider whether

---

6. Memorandum of law in support of motion for partial summary judgment of defendant, The Ridings at Brookside Condominium Association, exhibit A, pp. 90, 92.

the privilege was abused. A privilege cannot be invoked if it was abused.

"The privilege may be abused and its protection lost by the publisher's knowledge or reckless disregard as to the falsity of the defamatory matter . . . ; by the publication of the defamatory matter for some improper purpose . . . ; by excessive publication . . . ; or by the publication of defamatory matter not reasonably believed to be necessary to accomplish the purpose for which the occasion is privileged." Restatement (Second) of Torts §596, comment (a). See also, *Chicarella v. Passant,* 343 Pa. Super. 330, 337, 494 A.2d 1109, 1113 (1985).

The plaintiff has the burden of establishing that the privilege was abused. 42 P.S. §8343(b).

Under Pennsylvania Rule of Civil Procedure 1035.2 (2), where a plaintiff responding to a summary judgment motion has the burden of proof on an issue essential to his claim, the plaintiff must produce evidence sufficient to create a jury question on that issue, in order to avoid summary judgment. As the Pennsylvania Supreme Court stated in *Ertel v. Patriot-News Co.,* 544 Pa. 93, 100-102, 674 A.2d 1038, 1042 (1996), *cert. denied,* 519 U.S. 1008, 117 S.Ct. 512, 136 L.Ed.2d 401 (1996),

"Allowing non-moving parties to avoid summary judgment where they have no evidence to support an issue on which they bear the burden of proof runs contrary to the spirit of rule 1035. . . .

"Thus, we hold that a non-moving party must adduce sufficient evidence on an issue essential to his case and on which he bears the burden of proof such that a jury could return a verdict in his favor. Failure to adduce this evidence establishes that there is no genuine issue of

material fact and that the moving party is entitled to judgment as a matter of law."

Hence, it is not sufficient to argue, as the plaintiff has done in its brief, that a jury must determine whether (1) the Association acted in good faith, (2) the Association acted negligently, (3) the Association acted with malice or negligence by publishing the newsletter, or (4) the newsletter was not reasonably necessary to accomplish the purpose. The plaintiff merely restates the legal standard for abuse of a conditional privilege. Without any supporting evidence, this is insufficient to sustain the plaintiff's burden. Rule 1035.2(2) places an affirmative duty on the plaintiff in this case to produce evidence of abuse of the conditional privilege. The plaintiff was required to produce competent evidence sufficient to take its claim of abuse of privilege to a jury.

An examination of the record indicates that the plaintiff has failed to meet this burden. The evidence presented to the court is insufficient for a jury to conclude that the Association abused its conditional privilege by publishing the newsletter. The plaintiff has the burden of proof on this issue, and in the absence of any evidence supporting its claim, partial summary judgment must be granted in favor of the Association.

## CONCLUSION

For the reasons stated, we find that the Association had a conditional privilege to publish the grounds for the plaintiff's termination in its September 2002 newsletter. We also find that the plaintiff has failed to meet its burden of proving an abuse of that privilege. Accordingly, the partial summary judgment motion of the As-

sociation is granted as to Count II for libel. Because of this conclusion, it is unnecessary to consider the merits of the Association's arguments that the newsletter was merely an expression of opinion and was truthful.

## ORDER

Now, July 12, 2004, upon consideration of the defendant's motion for partial summary judgment and the plaintiff's response thereto, and for the reasons set forth in the accompanying memorandum opinion, it is ordered that the defendant's motion for partial summary judgment is granted with respect to the claim for libel in Count II of the plaintiff's complaint. Judgment is entered on this count in favor of the defendant against the plaintiff.