**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1418
_____

PAUL UTAH,
                                    Appellant

v.

STRAYER UNIVERSITY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 5-15-cv-05909)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
July 1, 2016
Before:  FISHER, SHWARTZ and COWEN, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 20, 2016)
_____

OPINION[*]
_____

PER CURIAM

        Paul Utah appeals an order of the United States District Court for the Eastern

District of Pennsylvania granting a motion to dismiss filed by Strayer University

(Strayer).  For the reasons below, we will affirm the District Court's order.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Utah filed a complaint against Strayer, which he later amended, complaining about his experiences as a student there during the 2013–2014 academic year. As relief, Utah sought six million dollars, a business management degree, a letter of recommendation to help him gain admittance to business-related programs at Ivy League schools, and a restraining order against teachers and staff at Strayer. Strayer filed a motion to dismiss, arguing that Utah failed to state a claim for breach of contract, harassment, or discrimination. The District Court agreed, granted the motion to dismiss, and concluded that further amendment of the complaint would be futile. Utah appealed.

We have appellate jurisdiction under 28 U.S.C. § 1291. We exercise plenary review over the order granting Strayer's motion to dismiss. Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). We may affirm on any basis supported by the record. Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

Utah suggested that Strayer breached a contract because its professors "acted in violation of teaching standards" established by the Pennsylvania State Education Association. A student may sue an educational institution for breach of contract "where the institution ignores or violates portions of the written contract." Swartley v. Hoffner, 734 A.2d 915, 919 (Pa. Super. Ct. 1999). The contract "is comprised of the written guidelines, policies, and procedures as contained in the written materials distributed to the student over the course of their enrollment in the institution." Id. Here, the District

2

Court properly rejected the breach of contract claim because Utah failed to identify a valid and binding contract that he had with Strayer. Indeed, Utah did not point to any specific and definite contract terms that were violated in his case. Rather, he merely referenced that Pennsylvania State Education Association and asserted that professors failed to "help student[s] succeed." This conclusory allegation, however, does not enable a court to draw a reasonable inference that Strayer was liable for breach of contract. See Iqbal, 556 U.S. at 678.

Utah also alleged that he was harassed by Strayer professors. For example, he claimed that a professor looked at him in class when "talking about crazy people," that another professor "looked at me and said the word 'dead' while teaching," and that professors went to his "gym when they [were] not registered there." The District Court correctly held that Utah did not state a plausible claim for relief because harassment is not an actionable tort in Pennsylvania. See DeAngelo v. Fortney, 515 A.2d 594, 596 (Pa. Super. Ct. 1986). To the extent that Utah sought to bring a claim for intentional infliction of emotional distress, we conclude that the professors' conduct was not sufficiently extreme and outrageous. See Clark v. Twp. of Falls, 890 F.2d 611, 623 (3d Cir. 1989) (noting that "courts have found intentional infliction of emotional distress only where the conduct at issue has been atrocious and utterly intolerable in a civilized community." (internal quotation marks omitted)). Utah's complaint also references Strayer's use of "slanderous information," but he did not identify any defamatory communications. See Graboff v. Colleran Firm, 744 F.3d 128, 135 (3d Cir. 2014) (describing elements of a claim for defamation under Pennsylvania law).

3

Utah also included allegations of "[d]iscrimination and profiling." In support, he alleged that "[t]he campus thought [he] was just an underachiever student," that Strayer "thought that [he] did not want his degree as much as he wanted it," and that a professor "did not give [him] the same opportunity [as other students] to take [a] quiz" after he arrived for class "a few minutes late." None of these allegations, however, establishes that Utah was a member of a protected class or that he was treated differently than similarly-situated individuals. See Storey v. Burns Int'l Sec. Servs., 390 F.3d 760, 764 (3d Cir. 2004) ("Although the prima facie elements of a discrimination claim vary depending on the particular facts of the case, the plaintiff must generally present evidence that 'raises an inference of discrimination.'") (citations omitted); see also Bell v. Ohio State Univ., 351 F.3d 240, 253 (6th Cir. 2003) (explaining that dismissed student alleging discrimination must provide evidence that (1) she is a member of a protected class; (2) she suffered an adverse action at the hands of the defendants in her pursuit of her education; (3) she was qualified to continue in her pursuit of her education; and (4) she was treated differently from similarly situated students who are not members of the protected class). Finally, in light of the nature of the allegations set forth in Utah's amended complaint, which at times border on the frivolous, we conclude that the District Court did not abuse its discretion in determining that allowing him leave to amend his complaint would have been futile. See Grayson v. Mayview State Hosp., 293 F.3d 103, 108 (3d Cir. 2002).

For these reasons, we will affirm the District Court's order.